# ORIGINAL

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

| | |
|---|---|
| ADOLPHUS QUIN PETTY | (01) |
| ALPHONSE FISHER | (02) |
| CAESAR MARK CAPISTRANO | |
| a/k/a "C. Mark Capistrano" | |
| a/k/a "Mark C. Capistrano" | (04) |
| WILKINSON OLOYEDE THOMAS | (05) |
| CHRISTOPHER KALEJAIYE AJAYI | (06) |
| NEDAL HELMI NASER | (07) |
| ETHEL OYEKUNLE-BUBU | (08) |
| OTIS RAY DOBBINS | (09) |
| RODERICK SHERARD FREEMAN | (10) |
| NOEL KEITH BROWN | |
| a/k/a "Slim" | (11) |
| JAMES EDWARD HICKEY | (12) |
| TYRONE LEWIS HOLMES | (13) |
| MICHAEL JERMAIN JACKSON | (14) |
| LAWRENCE HENNINGTON | (15) |
| THOMAS RAY RICHARDS | (16) |
| JOE IVORY PENIGAR, JR. | (17) |
| ALONZO HARRIS | (18) |
| GARY TIMOTHY HOLLEMAN | (19) |
| MORRIS WIGGINS | (20) |
| LEMON ANDREW HERFORD | (21) |
| MARCUS DEWAYNE COOPER | |
| a/k/a "Coop" | (22) |
| KELVIN FRANK TOMLINSON | (23) |
| BRIAN HENRY KINCADE | |
| a/k/a "BK" | (24) |
| ADOLPHUS GLENN DOUGLAS | |
| a/k/a "AD" | (25) |
| LATONYA ANN TUCKER | |
| a/k/a "Tonya" | (26) |
| CYNTHIA DENISE COOKS | (27) |

Case No.  4:20-CR-290-O
**[Supersedes Indictment returned on
October 21, 2020, as to defendants 1-2
only, and adding defendant's 4-27]**



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV 1 2 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

**Superseding Indictment – Page 1**

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## Introduction

At all times material to this Indictment, unless otherwise indicated:

1.      Caesar Mark Capistrano was the owner and operators of clinics in the Northern District of Texas that operated as "pill mills," unlawfully distributing hydrocodone and other controlled substances outside the scope of professional practice and without a legitimate medical need.

2.      A pill mill is a facility that appears to be a medical clinic but in reality distributes large quantities of controlled substances, such as hydrocodone, to the public without regard for medical necessity or therapeutic benefit to the patient.  Despite employment of licensed medical practitioners, a pill mill does not operate as a legitimate medical practice because the controlled-substance prescriptions that are issued are done so with the knowledge that they are not for a legitimate medical purpose nor in the usual course of professional practice.

3.      At various times between April 2011 and September 2020, Caesar Mark Capistrano owned and/or operated the following pill mills within the Northern District of Texas: R.G. Medical and Lancaster Oncology.

4.      At various times during the timeframe of the conspiracy, Wilkinson Oloyede Thomas,Christopher Kalejaiye Ajayi, Nedal Helmi Naser, and Ethel Oyekunle-Bubu owned and/or operated the following complicit pharmacies within the Northern District of Texas: Calvary Pharmacy, Remcare Pharmacy, Brandy Pharmacy, and

Mayfield Pharmacy (also known as "Ethel's Pharmacy"), respectively.

## The Defendants

5.      Defendant **Caesar Mark Capistrano** was a medical doctor who served as the supervising physician at R.G. Medical and Lancaster Oncology. Tameka Noel (not named as a defendant herein) was a medical doctor who served as supervising physician at R.G. Medical and Urban Medical.

6.      Defendant **Latonya Tucker** and Shirley Williams (not named as defendant herein) were employees of one or more of the Capistrano/Noel Pill Mills responsible coordinating the pill mill activities.

7.      Defendants **Wilkinson Oloyede Thomas, Christopher Kalejaiye Ajayi, Nedal Helmi Naser,** and **Ethel Oyekunle-Bubu** were pharmacists who ignored their corresponding responsibility and filled unlawful prescriptions under Capistrano and/or Noel's DEA registrations.

8.      Defendants **Cynthia Denise Cooks, Marcus Dewayne Cooper, Kelvin Frank Tomlinson,** and **Brian Henry Kincade,** along with Ritchie Milligan (not named as a defendant herein), Wayne Kincade (not named as a defendant herein), Cynthia Cooks (not named as a defendant herein),  were recruiters and/or recruits of individuals who posed as "patients" in order to obtain prescriptions for hydrocodone and other controlled substances at one or more of the Pill Mills. The recruiters would be responsible for coordinating with the staff at the Pill Mills and the complicit pharmacies in order to have the unlawful prescriptions filled so that they could be further distributed at the street-level.

9.      Defendants, **Adolphus Quin Petty, Alphonse Fisher, Otis Ray Dobbins, Roderick Sherard Freeman, Noel Keith Brown, James Edward Hickey, Tyrone Lewis Holmes, Michael Jermain Jackson, Lawrence Hennington, Thomas Ray Richards, Joe Ivory Penigar, Jr., Alonzo Harris, Gary Timothy Holleman, Morris Wiggins, Lemon Andrew Herford, Adolphus Glenn Douglas**, and others (not named as defendants herein), were recruits who posed as "patients" in exchange for cash, knowing that the prescriptions issued in their names were filled at complicit pharmacies and intended for further distribution at the street-level.

The Controlled Substances Act

10.     The Controlled Substances Act ("CSA") and its implementing regulations govern the possession, manufacture, distribution, dispensing, administering, and prescribing of controlled substances within the United States.

11.     The CSA and its implementing regulations sets forth which drugs and other substances are defined by law as "controlled substances," and those controlled substances are assigned to one of five schedules (Schedule I, II, III, IV, or V), depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

12.     Hydrocodone is the generic name for a narcotic analgesic that is also sold under a variety of brand names such as Vicodin, Norco, and Lortab.  Hydrocodone is also referred to by the street names "hydros," "vics," "norcos," and "tabs," among other names.

When legally supplied by a licensed practitioner for a legitimate medical purpose in the usual course of professional practice, hydrocodone is used to combat moderate pain. Hydrocodone is a widely abused narcotic that is frequently diverted from legitimate medical channels and distributed illicitly on the street for profit and abuse.

13.     Prior to October 6, 2014, the CSA and its implementing regulations classified hydrocodone as a Schedule III controlled substance.  Starting October 6, 2014, hydrocodone was re-classified as a Schedule II controlled substance.

14.     Carisoprodol is the generic name for a Schedule IV prescription drug marketed under the brand name Soma.  When legally supplied by a licensed practitioner for a legitimate medical purpose in the usual course of professional practice, Carisoprodol is used as a muscle relaxer.  With prolonged abuse at high dosages, the drug can lead to tolerance, dependence, and withdrawal symptoms in humans and continues to be one of the most commonly diverted drugs.

Count One
Conspiracy to Dispense and Distribute,
or Possess with Intent to Dispense and Distribute a Hydrocodone
(Violation of 21 U.S.C. § 846)

Beginning on a date unknown but no later than in or about April 2011, and

continuing until on or about September 24, 2020, in the Fort Worth Division of the

Northern District of Texas, and elsewhere, **Adolphus Quin Petty, Alphonse Fisher,**

**Caesar Mark Capistrano, Wilkinson Oloyede Thomas, Christopher Kalejaiye Ajayi,**

**Nedal Helmi Naser, Ethel Oyekunle-Bubu, Otis Ray Dobbins, Roderick Sherard**

**Freeman, Noel Keith Brown, James Edward Hickey, Tyrone Lewis Holmes, Michael**

**Jermain Jackson, Lawrence Hennington, Thomas Ray Richards, Joe Ivory Penigar,**

**Jr., Alonzo Harris, Gary Timothy Holleman, Morris Wiggins, Lemon Andrew**

**Herford, Marcus Dewayne Cooper, Kelvin Frank Tomlinson, Brian Henry Kincade,**

**Adolphus Glenn Douglas, Latonya Ann Tucker** and **Cynthia Denise Cooks,**  the

defendants herein, and others known and unknown to the Grand Jury, did knowingly and

intentionally combine, conspire, confederate and agree to engage in conduct in violation

21 U.S.C. §§ 841(a)(1) and (b)(1)(C), namely to possess with intent to dispense and

distribute and/or, dispense and distribute, outside the scope of professional practice and

not for a legitimate medical purpose, a mixture or substance containing a detectable

amount of hydrocodone, a Schedule II or Schedule III controlled substance.

In violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

## Count Two
Felon in Possession of a Firearm
(Violation of 18 U.S.C. § 922(g)(1))

On or about September 24, 2019, in the Northern District of Texas, defendant

**Adolphus Quin Petty**, knowing that he had been previously convicted of a crime

punishable by a term of imprisonment exceeding one year, that is, a felony, did

knowingly possess in and affecting interstate and foreign commerce the following

firearms and ammunition: one (1) Smith and Wesson, Military & Police model 1905, 4th

change version, .38 caliber revolver, bearing serial number 563865.

In violation of 18 U.S.C. § 922(g)(1).

<u>Count Three</u>
Possession with Intent to Dispense and Distribute and/or,
Dispensing and Distribution of Hydrocodone; Aiding and Abetting
(Violation of 21 U.S.C. § 841, and 18 U.S.C. § 2)

Beginning on a date unknown but no later than in or about April 2011, and

continuing until on or about September 24, 2020, in the Fort Worth Division of the

Northern District of Texas, and elsewhere, **Adolphus Quin Petty, Alphonse Fisher,**

**Caesar Mark Capistrano, Wilkinson Oloyede Thomas, Christopher Kalejaiye Ajayi,**

**Nedal Helmi Naser, Ethel Oyekunle-Bubu, Otis Ray Dobbins, Roderick Sherard**

**Freeman, Noel Keith Brown, James Edward Hickey, Tyrone Lewis Holmes, Michael**

**Jermain Jackson, Lawrence Hennington, Thomas Ray Richards, Joe Ivory Penigar,**

**Jr., Alonzo Harris, Gary Timothy Holleman, Morris Wiggins, Lemon Andrew**

**Herford, Marcus Dewayne Cooper, Kelvin Frank Tomlinson, Brian Henry Kincade,**

**Adolphus Glenn Douglas, Latonya Ann Tucker** and **Cynthia Denise Cooks,** the

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting

each other, did knowingly and intentionally, distribute; dispense; and/or possessed with

intent to distribute and dispense a mixture and substance containing a detectable amount

of hydrocodone, a Schedule II or Schedule III controlled substance, outside the scope of

professional practice and not for a legitimate medical purpose.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and 18 U.S.C. § 2.

Count Four
Conspiracy to Dispense and Distribute,
or Possess with Intent to Dispense and Distribute Carisoprodol
(Violation of 21 U.S.C. § 846)

Beginning on a date unknown but no later than in or about April 2011, and

continuing until on or about September 24, 2020, in the Fort Worth Division of the

Northern District of Texas, and elsewhere, **Adolphus Quin Petty, Alphonse Fisher,**

**Caesar Mark Capistrano, Wilkinson Oloyede Thomas, Christopher Kalejaiye Ajayi,**

**Nedal Helmi Naser, Ethel Oyekunle-Bubu, Otis Ray Dobbins, Roderick Sherard**

**Freeman, Noel Keith Brown, James Edward Hickey, Tyrone Lewis Holmes, Michael**

**Jermain Jackson, Lawrence Hennington, Thomas Ray Richards, Joe Ivory Penigar,**

**Jr., Alonzo Harris, Morris Wiggins, Lemon Andrew Herford, Marcus Dewayne**

**Cooper, Kelvin Frank Tomlinson, Brian Henry Kincade, Adolphus Glenn Douglas,**

**Latonya Ann Tucker** and **Cynthia Denise Cooks,** the defendants herein, and others

known and unknown to the Grand Jury, did knowingly and intentionally combine,

conspire, confederate and agree to engage in conduct in violation 21 U.S.C. §§ 841(a)(1)

and (b)(1)(E), namely to possess with intent to dispense and distribute and/or, dispense

and distribute, outside the scope of professional practice and not for a legitimate medical

purpose, a mixture or substance containing a detectable amount of carisoprodol, a

Schedule IV controlled substance.

In violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841 (a)(1) and (b)(1)(E)(iii)(2)).

Count Five
Possession with Intent to Dispense and Distribute and/or,
Dispensing and Distribution of Carisoprodol; Aiding and Abetting
(Violation of 21 U.S.C. § 841, and 18 U.S.C. § 2)

Beginning on a date unknown but no later than in or about April 2011, and

continuing until on or about September 24, 2020, in the Fort Worth Division of the

Northern District of Texas, and elsewhere, **Adolphus Quin Petty, Alphonse Fisher,**

**Caesar Mark Capistrano, Wilkinson Oloyede Thomas, Christopher Kalejaiye Ajayi,**

**Nedal Helmi Naser, Ethel Oyekunle-Bubu, Otis Ray Dobbins, Roderick Sherard**

**Freeman, Noel Keith Brown, James Edward Hickey, Tyrone Lewis Holmes, Michael**

**Jermain Jackson, Lawrence Hennington, Thomas Ray Richards, Joe Ivory Penigar,**

**Jr., Alonzo Harris, Morris Wiggins, Lemon Andrew Herford, Marcus Dewayne**

**Cooper, Kelvin Frank Tomlinson, Brian Henry Kincade, Adolphus Glenn Douglas,**

**Latonya Ann Tucker** and **Cynthia Denise Cooks,** the defendants herein, and others

known and unknown to the Grand Jury, aiding and abetting each other, did knowingly

and intentionally, distribute; dispense; and/or possessed with intent to distribute and

dispense a mixture and substance containing a detectable amount of carisoprodol, a

Schedule IV controlled substance, outside the scope of professional practice and not for a

legitimate medical purpose.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(E); and 18 U.S.C. § 2.

Count Six
Conspiracy to Commit Money Laundering
(Violation of 18 U.S.C. § 1956(h))

Beginning in or before August 2011 and continuing until in and around July 2020, in the Fort Worth Division of the Northern District of Texas, and elsewhere, **Caesar Mark Capistrano,** the defendant, along with others known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree with others known and unknown, to commit certain offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, to wit:

1.  To knowingly conduct and attempt to conduct  financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, possession with intent to dispense and distribute, and/or dispensing and distribution of a controlled substance, in violation of 21 U.S.C. § 846 (21 U.S.C. §841(a)(l)), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, ownership, control and source of the proceeds  of the specified unlawful activity. and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(l)(B)(i).

All in violation of 18 U.S.C. § 1956(h).

<u>Count Seven</u>
Conspiracy to Commit Money Laundering
(Violation of 18 U.S.C. § 1956(h))

Beginning in or before July 2019 and continuing until in and around March 2020, in the Fort Worth Division of the Northern District of Texas, and elsewhere, **Ethel Oyekunle-Bubu,** the defendant, along with others known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree with others known and unknown, to commit certain offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, to wit:

1. To knowingly conduct and attempt to conduct  financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, possession with intent to dispense and distribute, and/or dispensing and distribution of a controlled substance, in violation of 21 U.S.C. § 846 (21 U.S.C. §841(a)(1)), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, ownership, control and source of the proceeds  of the specified unlawful activity. and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

2.  To knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, to wit: possession with intent to dispense and distribute, and/or dispensing and distribution of a controlled substance, in violation of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(l)), in violation of 18 U.S.C., 1957.

All in violation of 18 U.S.C. § 1956(h).

<u>Count Eight</u>
False Statement or Representation made to a Department or Agency of the United States
(Violation of 18 U.S.C. § 1001)

On or about August 12, 2020, in the Fort Worth Division of the Northern District

of Texas, and elsewhere, defendant **Caesar Mark Capistrano,** did willfully and

knowingly make a materially false, fictitious, and fraudulent statement and representation

in a matter within the jurisdiction of the executive branch of the Government of the

United States, by telling investigators with the Drug Enforcement Administration that

more than 50% of his patients had cancer and that he conducted "head to toe" physical

examinations.  Capistrano made these statements to DEA investigators during the

execution of a federal search warrant regarding Capistrano's clinic located in the

Northern District of Texas.  The statement and representation was false because, as

**Capistrano** then and there knew, less than 50% of his patients did not have cancer and he

did not conduct "head to toe" examinations.

In violation of 18 U.S.C. § 1001(a)(2).

<u>Count Nine</u>
False Statement or Representation made to a Department or Agency of the United States
(Violation of 18 U.S.C. § 1001)

On or about December 16, 2019, in the Fort Worth Division of the Northern

District of Texas, defendant **Nedal Helmi Naser,** did willfully and knowingly make a

materially false, fictitious, and fraudulent statement and representation in a matter within

the jurisdiction of the executive branch of the Government of the United States, by telling

investigators with the Drug Enforcement Administration that he had verified with

Ngozika Njoku's supervising physician Dr. Puri that Njoku could write prescriptions for

Schedules II – V.   **Naser** made this statement and representation to DEA investigators

during the execution of a federal search warrant at Brandy Pharmacy, in the Northern

District of Texas. The statement and representation was false because, as **Naser** then and

there knew, **Naser** had not spoken to Dr. Puri.

In violation of 18 U.S.C. § 1001(a)(2).

<u>Count Ten</u>
False Statement or Representation made to a Department or Agency of the United States
(Violation of 18 U.S.C. § 1001)

On or about August 12, 2020, in the Fort Worth Division of the Northern District

of Texas, defendant **Christopher Kalejaiye Ajayi,** did willfully and knowingly make a

materially false, fictitious, and fraudulent statement and representation in a matter within

the jurisdiction of the executive branch of the Government of the United States, by telling

investigators with the Drug Enforcement Administration that he would call the patient to

make sure it was okay for someone else to pick up their prescription. **Ajayi** made this

statement and representation to DEA investigators during the execution of a federal

search warrant at Ajayi's residence, in the Northern District of Texas. The statement and

representation was false because, as **Ajayi** then and there knew, **Ajayi** did not contact the

patients prior to allowing recruiter Wayne Kincade to pick up the controlled substance

prescriptions.

In violation of 18 U.S.C. § 1001(a)(2).

<u>Count Eleven</u>
False Document
(Violation of 18 U.S.C. §§ 1001 and 2)

Between on or about January 5, 2018 through March 2019, in the Fort Worth Division of the Northern District of Texas, defendant **Ethel Oyekunle-Bubu,** the defendant, along with others known and unknown to the Grand Jury, did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by noting on controlled substance prescriptions that the legitimacy of the prescription was verified with the physician and/or staff. These controlled substances prescriptions were seized from Ethel's Pharmacy in the Northern District of Texas; and were alleged to be issued by Dr. C. Mark Capistrano, Dr. R.K., Dr. A.H., Dr. C.H., and Dr. S.O. **Oyekunle- Bubu** made and used these notations on the prescriptions well knowing and believing **Oyenkunle-Bubu** did not verify the above-described prescriptions with the physicians and/or staff.

In violation of 18 U.S.C. §§ 1001(a)(3) and 2.

<u>Count Twelve</u>
Aggravated Identity Theft
(Violation of 18 U.S.C. §§ 1028A and 2)

On or about December 22, 2018, in the Fort Worth Division of the Northern District of Texas, defendant **Ethel Oyekunle-Bubu**, and others known and unknown, aiding and abetting each other, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name, and date of birth belonging to T.A., XX/XX/1987, during and in relation to a felony violation enumerated in 18 U.S.C. § 1001, to wit, making a false statement or representation described in Count Eleven, knowing that the means of identification belonged to another actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

Count Thirteen
Aggravated Identity Theft
(Violation of 18 U.S.C. §§ 1028A and 2)

On or about February 22, 2019, in the Fort Worth Division of the Northern District of Texas, defendant **Ethel Oyekunle-Bubu**, and others known and unknown, aiding and abetting each other, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name, and date of birth belonging to M.G., XX/XX/1991, during and in relation to a felony violation enumerated in 18 U.S.C. § 1001, to wit, making a false statement or representation described in Count Eleven, knowing that the means of identification belonged to another actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

Count Fourteen
Aggravated Identity Theft
(Violation of 18 U.S.C. §§ 1028A and 2)

On or about May 6, 2019, in the Fort Worth Division of the Northern District of
Texas, defendant **Ethel Oyekunle-Bubu**, and others known and unknown, aiding and
abetting each other, did knowingly transfer, possess, and use, without lawful authority, a
means of identification of another person, that is, the name, and date of birth belonging to
W.H., XX/XX/1958, during and in relation to a felony violation enumerated in 18 U.S.C.
§ 1001, to wit, making a false statement or representation described in Count Eleven,
knowing that the means of identification belonged to another actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

<u>Count Fifteen</u>
Aggravated Identity Theft
(Violation of 18 U.S.C. §§ 1028A and 2)

On or about November 13, 2019, in the Fort Worth Division of the Northern District of Texas, defendant **Ethel Oyekunle-Bubu**, and others known and unknown, aiding and abetting each other, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name, and date of birth belonging to C.C., XX/XX/1970, during and in relation to a felony violation enumerated in 18 U.S.C. § 1001, to wit, making a false statement or representation described in Count Eleven, knowing that the means of identification belonged to another actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

Count Sixteen
False Statement to a Bank
(Violations of 18 U.S.C. § 1014)

## Introduction

Prosperity Bank, (formerly known as Legacy Texas, hereinafter referred to as "Legacy Texas") was a financial institution, the accounts of which were insured by the Federal Deposit Insurance Corporation, and that participated in the U.S. Small Business Administration's Paycheck Protection Program ("PPP") as a lender.

Under the PPP's terms, the amount of funds that a small business was eligible to receive as a PPP loan was calculated based on the small business's average monthly payroll expenses and number of employees. Additionally, under the PPP's rules, a small business was eligible to receive a PPP loan if it was in operation as of February 15, 2020.

Mayfield Pharmacy Inc. ("Mayfield Pharmacy or "Ethel's Pharmacy") was a Texas corporation. The defendant, **Ethel Oyekunle-Bubu**, was Mayfield's sole owner and director. Mayfield Pharmacy maintained a business checking account at Legacy Texas. **Oyekunle-Bubu** was a signatory on that account.

On or about April 29, 2020, a Paycheck Protection Program (PPP) loan application was submitted to Legacy Texas on behalf of Mayfield Pharmacy to keep employees on the payroll during the COVID pandemic.

Mayfield Pharmacy's PPP loan application falsely stated that (i) Mayfield Pharmacy's average monthly payroll was $21,059.77; and (ii) Mayfield Pharmacy had 5 employees. Mayfield's PPP loan application was signed by **Oyekunle-Bubu**.

The PPP loan application was approved and on or about May 14, 2020, Legacy Bank distributed approximately $40,200 to **Oyekunle-Bubu** through a deposit into Mayfield Pharmacy's account at Legacy Texas.

On or about April 29, 2020, in the Northern District of Texas and elsewhere, the defendant, **Ethel Oyekunle-Bubu**, knowingly made a false statement for the purpose of influencing the lending action of a financial institution, the accounts of which were insured by the Federal Deposit Insurance Corporation, that is, in the PPP loan application to Legacy Bank, **Oyekunle-Bubu** falsely represented that (i) Mayfield Pharmacy's average monthly payroll was $21,059.77; and (ii) Mayfield Pharmacy had 5 employees. The investigation revealed that at the time of the application, Mayfield Pharmacy, LLC, misrepresented the number of employees for the purpose of obtaining additional monies from the PPP loan program. Three of the five employees had not been employed by Mayfield Pharmacy, LLC since at least January 2020.

All in violation of 18 U.S.C. § 1014.

### Narcotics Forfeiture Notice

Pursuant to 21 U.S.C. § 853(a)(1), upon conviction for any offense violating 21 U.S.C. §§ 846 and 841, defendants shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s), including, but not limited to:

1. $5,200 seized from Ethel Oyekunle-Bubu on May 20, 2020 (Legacy Texas Bank account);

2. $38,993.86 seized from Ethel Oyekunle-Bubu on May 20, 2020 (Legacy Texas Bank account);

3. $87,018 seized from Ethel Oyekunle-Bubu at 2007 Crosbyton, Grand Prairie, Texas on May 20, 2020;

4. $7,539 seized from Wilkinson Oloyede Thomas at XXXX Bucanero, Grand Prairie, Texas on August 12, 2020;

5. $25,000 seized from Caesar Mark Capistrano at XXX High Point, Murphy, Texas on August 12, 2020;

6. $37,865 seized from Caesar Mark Capistrano at XXX High Point, Murphy, Texas on August 12, 2020;

7. Real property owned by Caesar Mark Capistrano and located at XXXX Monticello Avenue, Dallas, Texas;

## Money Laundering Forfeiture Notice

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation 18 U.S.C. § 1956 or 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

1. $5,200 seized from Ethel Oyekunle-Bubu on May 20, 2020 (Legacy Texas Bank account);

2. $38,993.86 seized from Ethel Oyekunle-Bubu on May 20, 2020 (Legacy Texas Bank account).

*[Continued on next page]*

## **Money Judgment and Substitute Assets**

If property is not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p), then the government may seek a forfeiture "money" judgment.

The government may seek forfeiture of substitute property from the defendant(s), pursuant to 21 U.S.C. § 853(p).

A TRUE BILL.

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
LAURA G. MONTES
Assistant United States Attorney
Massachusetts State Bar No. 687739
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817.252.5200
Facsimile: 817.252.5455

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THE UNITED STATES OF AMERICA

v.

ADOLPHUS QUIN PETTY (01)
ALPHONSE FISHER (02)
CAESAR MARK CAPISTRANO (04)
a/k/a "C. Mark Capistrano"
a/k/a "Mark C. Capistrano"
WILIKINSON OLOYEDE THOMAS (05)
CHRISTOPHER KALEJAIYE AJAYI (06)
NEDAL HELMI NASER (07)
ETHEL OYEKUNLE-BUBU (08)
CYNTHIA DENISE COOKS (09)
OTIS RAY DOBBINS (10)
RODERICK SHERARD FREEMAN (11)
NOEL KEITH BROWN (12)
a/k/a "Slim"
JAMES EDWARD HICKEY (13)
TYRONE LEWIS HOLMES (14)
MICHAEL JERMAIN JACKSON (15)
LAWRENCE HENNINGTON (16)
THOMAS RAY RICHARDS (17)
JOE IVORY PENIGAR, JR. (18)
ALONZO HARRIS (19)
GARY TIMOTHY HOLLEMAN (20)
MORRIS WIGGINS (21)
LEMON ANDREW HERFORD (22)
MARCUS DEWAYNE COOPER (23)
a/k/a "Coop"
KELVIN FRANK TOMLINSON (24)
BRIAN HENRY KINCADE
a/k/a "BK"
ADOLPHUS GLENN DOUGLAS (25)
a/k/a "AD"
LATONYA ANN TUCKER (26)
CYNTHIA DENISE COOKS (27)

## _SUPERSEDING INDICTMENT

21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(C))
Conspiracy to Dispense and Distribute,
or Possess with Intent to Dispense and Distribute a Hydrocodone
Count 1

18 U.S.C. § 922(g)(1)
Felon in Possession of a Firearm
Count 2

21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and 18 U.S.C. § 2
Possession with Intent to Dispense and Distribute and/or,
Dispensing and Distribution of Hydrocodone; Aiding and Abetting
Count 3

21 U.S.C. § 846 (21 U.S.C. §§ 841 (a)(l) and (b)(l)(E)(iii)(2))
Conspiracy to Dispense and Distribute,
or Possess with Intent to Dispense and Distribute Carisoprodol
Count 4

21 U.S.C. §§ 841(a)(1) and (b)(1)(E); and 18 U.S.C. § 2
Possession with Intent to Dispense and Distribute and/or,
Dispensing and Distribution of Carisoprodol; Aiding and Abetting
Count 5

18 U.S.C. § 1956(h)
Conspiracy to Commit Money Laundering
Counts 6-7

18 U.S.C. § 1001
False Statement or Representation made to a Department or Agency of the United States
Counts 8-10

18 U.S.C. §§ 1001(a)(3), and 2
False Document
Count 11

18 U.S.C. §§ 1028A and 2
Aggravated Identity Theft
Counts 12-15

18 U.S.C. § 1014
False Statement to a Bank
Count 16

21 U.S.C. § 853(a)(1) and 18 U.S.C. § 982(a)(1)
Forfeiture

A true bill rendered

_MAJordd_
FOREPERSON

FORT WORTH

Filed in open court this 12th day of November, 2020.

---------------------------------------------------------------------------------------------------

**Defendants Fisher, Capistrano, Thomas, Ajayi, Naser, Oyekunle-Bubu, Dobbins, Freeman, Brown, Hickey, Holmes, Jackson, Hennington, Richards, Penigar, Jr., Harris, Holleman, Wiggins, Herford, Cooper, Tomlinson, Douglas, Tucker and Cooks on Pretrial Release. Defendant's Petty, Herford and Kincade in Federal custody since September 24, 2020; Defendant Fisher in Federal custody since September 30, 2020.**

---------------------------------------------------------------------------------------------------

_Hal R. Ray, Jr._
UNITED STATES MAGISTRATE JUDGE
Magistrate Case Number: 4:20-MJ-611-BJ